# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Tonique Tonetta James-Jenkins,<br><br>Debtor(s). | C/A No. 18-03063-HB<br><br>Adv. Pro. No. 18-80074-HB<br><br>Chapter 13<br><br>**ORDER** |
| Tonique Tonetta James-Jenkins,<br><br>Plaintiff(s),<br><br>v.<br><br>Thomas D Sutton, TDS Sales, and Tom Sutton,<br><br>Defendant(s). | |

**THIS MATTER** came before the Court for hearing on January 17, 2019, pursuant to the December 5, 2018 Order for Judgment and Scheduling Hearing on Damages ("Default Order").[1] This matter involves the post-petition repossession of a vehicle owned by Plaintiff Tonique Tonetta James-Jenkins at direction of Thomas D Sutton a/k/a Tom Sutton, and TDS Sales (collectively, "Defendant").

## FINDINGS OF FACT

1. Plaintiff filed a petition for Chapter 13 bankruptcy relief on June 14, 2018.

2. On October 9, 2018, Defendant caused the repossession of a vehicle owned by Plaintiff. That same day, Plaintiff filed this adversary proceeding seeking damages pursuant to 11 U.S.C. § 362 for the post-petition repossession of her vehicle, a motion requesting

---

[1] ECF No. 18.

turnover of the vehicle pursuant to 11 U.S.C. § 542, and a motion to expedite the hearing on the turnover request.

3.   On October 10, 2018, the Court entered an Order scheduling an emergency hearing ("Emergency Order") and directing Plaintiff to serve a copy of the summons and complaint and the Emergency Order on Defendant. Plaintiff's counsel, F. Lee O'Steen ("O'Steen"), filed proof of timely service that indicated Defendant was served by UPS Next Day Delivery and regular U.S. Mail on October 10, 2018. Defendant was served at 680 Hollis Lakes Road, Rock Hill, SC 29732.[2]

4.   After due notice, a hearing was held on October 16, 2018. Defendant did not make an appearance at the hearing. O'Steen appeared and advised the Court that he and Plaintiff had been in contact with Defendant and the vehicle had been returned the night before.

5.   An order was entered on October 16, 2018 ("Turnover Order"), finding that "[d]espite notice of her bankruptcy case, Defendants contacted James-Jenkins regarding missed payments and repossessed her vehicle on October 9, 2018."[3] The Turnover Order found that Defendant was properly served with the summons, complaint, and Emergency Order and noted that "Defendants shall file and serve an answer or responsive pleading within 30 days after issuance of the Summons."

6.   O'Steen filed proof of service indicating a copy of the Turnover Order was served on Defendant by regular U.S. Mail on October 16, 2018.

---

[2] The proof of service indicated all defendants were served in this manner and at this address.
[3] ECF No. 10.

7. Defendant failed to answer the summons and complaint and on December 3, 2018, Plaintiff filed an Affidavit of Default. Proof of service indicates that O'Steen served a copy of the Affidavit of Default and his proposed order on Defendant by regular U.S. mail.

8. On December 3, 2018, the clerk entered a default.

9. On December 5, 2018, the Court entered an Order for Judgment and Scheduling Hearing on Damages[4] ("Default Order") finding that:

> The Complaint alleges that Plaintiff is the owner of a 2012 Lincoln (Vehicle) at the time she filed her Chapter 13 case. The Defendants are believed to be the holder of a lien on the vehicle. Plaintiff filed her Chapter 13 case on June 14, 2018, and at that time she was in possession of her Vehicle. On October 9, 2018, Defendants repossessed the Vehicle. Defendants knew the bankruptcy had been filed and were aware the stay was in effect. Defendants willfully and intentionally with knowledge of the stay repossessed the vehicle and refused to return the vehicle.
>
> Plaintiff asserts she suffered damages from the loss of use of the vehicle and attorney's fees to force the Defendants to return the vehicle.

10. The Default Order scheduled a hearing for January 17, 2019, to consider Plaintiff's requests for damages and attorney's fees.

11. O'Steen filed proof of service indicating he served a copy of the Default Order by regular U.S. Mail on Defendant that on December 6, 2018. On December 8, 2018, the Court's docket indicates a copy of the Default Order was also served on Defendant by regular U.S. mail by the bankruptcy noticing center.

12. On December 17, 2018, more than 60 days after the service of the summons and complaint, Defendant filed its first pleading,[5] which states the following:

> 1. I was never notified of the bankruptcy until 3 days after repossession of automobile. Upon receiving this notification, the following Monday, Oct. 15, 2018, I went to O'Steen office. I spoke with his paralegal. She called Mrs. James-Jenkins and set up a time to return the repossessed automobile. On Oct.

---

[4] ECF No. 18.
[5] ECF No. 21.

3

> 15, 2018, I met with Mrs. James-Jenkins at her home with the automobile at which time we signed the enclosed agreement stating that she would not pursue any damages as a result of the repossession.
>
> 2. I forwarded a copy of this agreement to Mr. O'Steen, therefore, I assumed the matter of repossession was satisfied.
>
> 3. No pleadings were ever served on me or TDS sales since the automobile was returned. Therefore, I request an order to set aside the Default Judgment.
>
> 4. The matter was resolved by Mrs. James-Jenkins and Mr. Sutton upon receipt of the automobile, therefore, the Default Judgment should be set aside.
>
> 5. Or another hearing should be scheduled with notification to Tom Sutton.

Defendant's pleading also enclosed a note to O'Steen dated October 18, 2018, which states:

> This is to inform you that I met with a member of your office personnel on October 15th. She called Mrs. Jenkens [sic] and made an appointment for me to return her vehicle at 6:00 p.m. that evening. This was done as requested. At the time of return, we signed an agreement of which I am enclosing a copy of. This was done the day before the hearing that was set up in Spartansburg [sic]. If I had received a written notice of bankruptcy, none of this would have to happen.

The referenced enclosure was a receipt that stated:

> I received from TDS Sales and Thomas Sutton one 2012 MKT Vin no: 2LMHJ5FR2CBL50333. The vehicle is in the same condition as it was when it was picked up by the repo company. For receipt of the vehicle I will not pursue any damages as a result of this repossession. This agreement has been reached on October 15, 2018.

This receipt was signed by the Plaintiff and Defendant.

13. On December 18, 2018, O'Steen filed an Affidavit of Reasonable Attorney's Fees and Costs stating he believed $1,500.00 in attorney's fees to be reasonable for the services described therein for his attempts to have Defendant return the vehicle and for pursuing this adversary proceeding.[6] Attached to O'Steen's affidavit is a list of services provided in this case and the time spent thereon, indicating charges of $2,446.25 in attorney's

---

[6] ECF No. 22.

4

fees for 10.08 hours billed at an hourly rate of $285.00 and $142.50 for travel time, and $75.00 for costs.[7] O'Steen filed proof of service indicating he mailed a copy of this affidavit to Defendant on December 18, 2018, by regular U.S. mail.

14. On December 21, 2018, Plaintiff filed a Statement in Support of Damages Request indicating she was without her vehicle for seven (7) days while Defendant was in possession of it and incurred $800.00 in damages as a result.[8] O'Steen filed proof of service indicating he mailed a copy of this Statement to Defendant on December 21, 2018 by regular U.S. mail.

15. On January 3, 2019, Defendant filed a Response to Request for Damages.[9] Both Defendant's prior pleading and this Response assert Defendant was not notified of the bankruptcy until after the repossession. As a result, Defendant requests the default judgment be set aside. Defendant did not directly challenge the hourly rate or amount of time claimed.

16. At the hearing scheduled pursuant to the Default Order, O'Steen provided testimony of a clear timeline with dates of his communication with Defendant and service of pleadings on Defendant. That testimony, consistent with prior representations to the Court and prior orders entered, is summarized as follows: on or about August 31, 2018, Plaintiff received a letter from Defendant stating that her car would be repossessed within ten (10) days if she did not make payments; O'Steen called the number on that letter, identified himself, and informed Defendant of the bankruptcy and that repossession of the vehicle would be in violation of the automatic stay; Defendant informed O'Steen that he wanted proof in writing, that he would not provide O'Steen his fax number, and he hung up on O'Steen; O'Steen then

---

[7] Despite his timesheet totaling $2,521.25, O'Steen has only requested $1,500.00 in attorney fees.
[8] ECF No. 23.
[9] ECF No. 25.

5

mailed a letter to Sutton to inform him of the bankruptcy; despite notice, the car was repossessed on October 9, 2018; after the repossession, O'Steen spoke to Defendant who, at first, would not say whether the vehicle had been repossessed, but also asserted that notice of the bankruptcy could only be done by written notice and he would not return the vehicle; and O'Steen was forced to file this adversary proceeding as a result to recover the vehicle.

17. Defendant Thomas Sutton testified at the hearing. He stated that he "did not receive any information about a bankruptcy until [he] repossessed the car." On Saturday, October 13, 2018, he received 9 different pieces of mail from O'Steen, which he claims was the first time he learned of the bankruptcy. He also testified that he never received any overnight mail from O'Steen and "could not recall" speaking to O'Steen. He testified that learning of the bankruptcy on October 13, 2018, caused him to go to O'Steen's office to initiate the return of the vehicle.

18. Defendant introduced as exhibits a copy of the receipt that Plaintiff signed upon the return of her vehicle, a copy of Defendant's Response to Request for Damages, and two return receipts indicating mail sent to the United States Bankruptcy Court for the District of South Carolina and O'Steen's office.

19. After an opportunity to examine the exhibits and pleadings and observe the credibility of the witnesses, the Court finds that Defendant received at least verbal notice of the bankruptcy filing prior to the repossession and disregarded that notice. Further, the Court finds that Sutton was timely served with a copy of the summons, complaint, Motion for Immediate Turnover of Vehicle, Motion to Expedite Hearing, Emergency Order, Turnover Order, Default Order, Affidavit of Reasonable Attorney's Fees and Costs, and Statement in Support of Damages.

6

20.  Plaintiff did not attend the hearing and did not testify regarding any damages due to her as a result of loss of use of the vehicle.  Although Plaintiff's complaint includes a request for punitive damages, the Statement in Support of Damages does not request punitive damages and such relief was not pursued at the hearing.

### DISCUSSION AND CONCLUSIONS

Section 362(k) of the Bankruptcy Code provides "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C § 362(k).  A willful violation of the automatic stay occurs when a "creditor knows of the pending bankruptcy petition and intentionally attempts to continue collection procedures in spite of it." *Weatherford v. Timmark (In re Weatherford),* 413 B.R. 273, 285 (Bankr. D.S.C. 2009) (citing *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292-93 (4th Cir. 1986)).  Section 362(k) does not require a creditor be given written notice of the bankruptcy, but instead only that they have actual notice of the bankruptcy. *See Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 486 (4th Cir. 2015).

A review of the evidence and testimony makes clear that Defendant received notice of the bankruptcy case, had actual knowledge, and chose to proceed with repossession of Plaintiff's vehicle despite this notice. The notice was received, at the latest, in the phone conversation between O'Steen and Thomas Sutton that took place prior to the repossession. Statements made by Defendant during his communications with O'Steen, along with his conditional return of the vehicle only after Plaintiff signed a release, indicate a disregard for the bankruptcy process and the automatic stay.  Plaintiff is entitled to recover under § 362(k).

The Court finds that an award of the requested attorney's fees of $1,500 is reasonable and appropriate.

Turning to Defendant's pleadings requesting that the default judgment be set aside, the Court finds that Defendant has not shown cause for the requested relief. Setting aside default judgment is governed by Federal Rule of Civil Procedure 55(c).[10] That Rule provides that the Court may set aside a default judgment under Rule 60(b). A motion under Rule 60(b) proceeds in two parts. First, the movant must make a threshold showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Then, if those threshold requirements are met, the movant must satisfy one of the six grounds for relief under Rule 60(b).[11] *Id*. Defendant has not demonstrated any meritorious defense or exceptional circumstances to set aside the default judgment. The evidence demonstrates that Defendant willfully violated the automatic stay. Further, the record indicates that Defendant was served with a copy of the summons, complaint, Emergency Order, was aware of but failed to attend the hearing held on October 16, 2018, was served with a copy of the Turnover Order (which

---

[10] Made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7055.

[11] The rule provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) is made applicable to this matter pursuant to Fed. R. Bankr. P. 9024.

warned that an answer to the complaint was still due), and was aware of the claims against Defendant in time to respond. Based on the foregoing, Defendant has failed to provide sufficient grounds for relief under Rule 60(b) to establish cause to reconsider the default judgment entered.

**IT IS, THEREFORE, ORDERED** that pursuant to 11 U.S.C. § 362(k), Tonique Tonetta James-Jenkins is hereby awarded a judgment against Thomas D. Sutton a/k/a Tom Sutton, and TDS Sales in the amount of $1,500.00 for the attorney's fees incurred as a result of their willful violation of the automatic stay. Any further relief requested is denied.

**FILED BY THE COURT**
**01/24/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 01/25/2019